IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY FRANCIS GINGRAS,      )
       Plaintiff,      )
             )      Civil Action No. 13-541
             )      Electronically Filed
v.      )
             )
CAROLYN W. COLVIN,      )
ACTING COMMISSIONER      )
OF SOCIAL SECURITY,      )
       Defendant.      )

**MEMORANDUM OPINION RE:**
**PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT (DOC. NOS. 11 AND 13)**

## I. Introduction

Plaintiff, Anthony Francis Gingras ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB"). The parties have submitted Cross Motions for Summary Judgment on the record developed at the administrative proceedings. For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) will be denied. The Commissioner's Motion for Summary Judgment (Doc. No. 13) will be granted and the administrative decision of the Commissioner will be affirmed.

## II. Procedural History

Plaintiff protectively filed for disability benefits on May 3, 2010, alleging disability as of March 1, 2002. R. 130-138. The applications were denied by the state agency on September 16, 2010. R. 73-82. Plaintiff responded on November 16, 2010, by filing a timely request for an administrative hearing. R. 86-87. On November 10, 2011, an administrative hearing was held in

Seven Fields, Pennsylvania, before Administrative Law Judge ("ALJ") James J. Pileggi. R. 36-68. Plaintiff, who was represented by counsel, appeared and testified. R. 36-68. At the administrative hearing, Plaintiff amended his alleged onset of disability to July 8, 2004. R. 40. Ms. Crofton, an impartial vocational expert ("VE"), also testified. R. 63-68.

In a decision dated December 16, 2011, the ALJ determined that Plaintiff was "disabled" within the meaning of the Act as of the protective filing date, May 3, 2010, and awarded Plaintiff supplemental security income ("SSI") benefits. R. 17-35. The ALJ, however, determined that Plaintiff was not "disabled" within the meaning of the Act prior to May 3, 2010, so his claim for DIB benefits was denied because his date last insured was September 30, 2008. Id. The Appeals Council denied Plaintiff's request for review on February 22, 2013, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. 1-3.

Plaintiff commenced the present action on May 15, 2013, seeking judicial review of the Commissioner's decision. Doc. No. 1. Plaintiff and the Commissioner filed Cross Motions for Summary Judgment on October 3, 2013, and November 4, 2013, respectively. Doc. Nos. 11 & 13. These motions are the subject of this Memorandum Opinion.

### III. Statement of the Case

In his decision, the ALJ made the following findings:

1. The claimant met the insured status requirements of the Act through September 30, 2008.

2. The claimant had not engaged in substantial gainful activity since, July 8, 2004, the alleged onset date. 20 C.F.R. §§ 404.1571 et seq. and 416.971 et seq.

3. The claimant had the following severe impairments: major depressive disorder; anxiety disorder; bilateral knee condition; right shoulder condition; back condition; obesity; sleep

apnea; high blood pressure; and left leg fasciitis. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

4. The claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that prior to the date the claimant became disabled, May 3, 2010, he had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he would not be able to engage in the operation of foot controls; he would not be able to engage in crawling, kneeling, squatting, climbing or balancing on heights; he would not be able to engage in bending at the waist to more than 45 degrees; he would be limited to simple and repetitive work, involving routine work processes and settings; and he would not be able to work at jobs requiring find manipulation with the hands on more than an occasional basis.

6. After careful consideration of the entire record, the undersigned finds that beginning on May 3, 2010, the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except he would be unable to sustain work activity on an 8-hour per day 5-day per week basis.

7. The claimant has been unable to perform any past relevant work since his alleged onset of disability, July 8, 2004. (20 C.F.R. §§ 404.1565 and 416.965).

8. Prior to the established disability onset date, the claimant was a younger individual age 18-49, and his age category has not changed since that date. (20 C.F.R. §§ 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English. (20 C.F.R.§§ 404.1564 and 416.964).

10. Transferability of job skills in not material because when using the Medical-Vocational Rules as a framework, the claimant is "not disabled" whether or not he has transferable job skills. (*See* S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

11. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed prior to May 3, 2010. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

12. Considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed beginning on May 3, 2010. (20 C.F.R. §§ 404.1560, 404.1560(c), 416.960, and 416.969(c)).

13. The claimant was not disabled prior to May 3, 2010, but became disabled on that date and continued to be disabled through the date of this decision, December 16, 2011. (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

14. The claimant has not been under a disability, as defined in the Social Security Act, at any time through the date the claimant was last insured, September 30, 2008. (20 C.F.R. §§ 404.315(a) and 404.320(b)).

## IV. Standard of Review

This Court's review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions, he or she must make specific findings of fact. *Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."[20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196.

The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision. It is on this standard that the Court has reviewed the Parties' Cross Motions for Summary Judgment.

## V. Discussion

In support of his Motion for Summary Judgment, Plaintiff argues that the ALJ committed three reversible errors. Doc. No. 12. Specifically, Plaintiff contends that the ALJ erred by: (1) improperly determining Plaintiff's residual functional capacity ("RFC") prior to May 3, 2010; (2) disregarding the medical opinion of Plaintiff's treating physicians; and (3) disregarding the testimony of the vocational expert and relying on an incomplete hypothetical question. Id. The Commissioner counters that Plaintiff did not meet his burden of establishing functional limitations and that the ALJ's decision is supported by substantial evidence. Doc. No. 14.

### A. Substantial Evidence Supports the ALJ's Assessment of Plaintiff's RFC

To be eligible for DIB benefits, Plaintiff has the burden of establishing that on or before his last date insured, September 30, 2008, he had a medically determinable impairment that was so severe it prevented him from engaging in any substantial gainful activity that existed in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1505, 416.905; *See Heckler v. Campbell*, 461 U.S. 458, 460 (1983). When making an RFC determination, an ALJ must consider all the evidence before him. *Russo v. Astrue*, 421 F. App'x 184, 191 (3d Cir. 2011). An ALJ must "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Soc*, 220 F.3d 112, 122 (3d Cir. 2000).

Plaintiff asserts that the ALJ's assessment of his RFC was improper, contending he was not capable of the standing requirements of light work, which would require him to stand for approximately six hours of an eight-hour day. Doc. No. 12, 12 citing 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also* S.S.R. 81-10, 1983 WL 31251, *6. In support of this argument, Plaintiff points to various medical records from his treating physicians. Id. at 11-13. But mere presence of an impairment is not enough to establish a disability. *Walker v. Barnhart*, 172 F. App'x 423, 426 (3d Cir. 2006). The Plaintiff must show that his impairment caused functional limitations that prevented him from engaging in any substantial gainful activity. Id.

The ALJ reviewed the entire medical record and determined that "the claimant's testimony is simply not consistent with the preponderance of the evidence in this case" for the period in time before May 3, 2010. R. 26-27. Regarding Plaintiff's reports of pain, limitations, and diagnoses, the ALJ cited to the following medical records: (1) Plaintiff had an MRI of his back on July 8, 2004 that revealed severe degenerative disc disease at L5-SI with annular disc bulge and several neural foraminal encroachment; (2) Plaintiff received no relief from steroid

epidural injections in his back; (3) Plaintiff went to the Emergency Room on March 20, 2005, due to back pain, and had a clinical impression of acute sciatica; and (4) Plaintiff was examined by Dr. Paul Sung, who noted that Plaintiff had sleep apnea, pain and swelling in his left leg, and a diagnosis of arthritis in his right knee. R. 27. However, the ALJ also noted that the medical record showed that Plaintiff did not have any acute spasm or trigger points, and he was not limited with respect to forward bending. Id. The ALJ discussed that on February 14, 2005, Plaintiff reported that he had no complaints and was generally feeling well at a physical examination. Id. The ALJ noted that Plaintiff was told he would benefit from weight loss, and Plaintiff was encouraged to do this by walking on a daily basis for exercise. R. 27, 259. Further, the ALJ discussed that on January 2, 2008, and February 19, 2009, Venous Doppler testing performed on Plaintiff's lower extremities displayed no evidence of deep venous thrombosis. Id. at 27. The ALJ stated that Plaintiff's medical records reveal that "the medications had been relatively effective in controlling his symptoms." Id.

The ALJ also discussed that Plaintiff "performed a wide range of activities, and had received treatment for his impairments." R. 27. The ALJ noted that Plaintiff was able to work for three months during the relevant period despite having said impairments. Id. An ALJ may consider that the claimant continued to work after his alleged onset of disability even though that work did not reach the level of substantial gainful activity. *Russo,* 421 F. App'x. at 189; *see also* 20 C.F.R. § 404.1571 (work done during alleged disability period may show that claimant can work at substantial gainful activity). The ALJ considered Plaintiff's testimony regarding his conditions and limitations, but concluded that "no greater or additional limitations are justified" than the limitations already set forth in Plaintiff's RFC. The ALJ further stated that his determination of Plaintiff's RFC "accounts for all reasonably documented restrictions" and

9

accommodates all of Plaintiff's functional limitations prior to May 3, 2010  R. 27.  In sum, the

ALJ's assessment of Plaintiff's RFC was supported by substantial evidence.

### B. Substantial Evidence Supports the ALJ's Assessment of the Medical Record

Plaintiff next contends that the ALJ erred by improperly disregarding the medical opinion of his treating physicians.  Doc. No. 12, 13.  However, as the ALJ noted, there are no opinions from any of Plaintiff's treating physicians that state Plaintiff was functionally limited with respect to performing light work before May 3, 2010.  R. 26-27.  Plaintiff asserts that "both the objective medical tests, including MRI's and x-rays, along with the treatment records of Plaintiff's treating physicians support Plaintiff's testimony regarding his severe limitations regarding his ability to stand and his need to lie down during the day due to his impairments."  Doc. No. 12, 13-14.  "The ALJ must consider and weigh all of the evidence, both medical and non-medical, that support a claimant's subjective testimony about symptoms and the ability to work and perform activities." *Ambrosini v. Astrue*, 727 F. Supp. 2d 414, 425 (W.D. Pa. 2010).  Allegations of pain must be consistent with the objective medical evidence, and the ALJ must explain why he is rejecting the Plaintiff's testimony.  *Burnett*, 220 F.3d at 122.

As already discussed in the preceding section, the ALJ satisfactorily discussed Plaintiff's objective medical records in relation to his subjective testimony.  The ALJ noted that prior to May 3, 2010, the medical evidence does not support Plaintiff's testimony that he could not work due to his numerous alleged conditions.  R. 27.  Plaintiff does not point to any specific treating physician or medical record that the ALJ failed to assess, but rather asserts that the ALJ's assessment of the whole medical record prior to May 3, 2010, was done in error.  However, substantial evidence supports the ALJ's determination that based on Plaintiff's functional

limitations contained in the medical record, he was capable of performing the requirements set out in his RFC assessment.

### C. The ALJ asked the Vocational Expert an Appropriate Hypothetical Question

Finally, Plaintiff argues that the ALJ improperly disregarded the testimony of the vocational expert and relied on an incomplete hypothetical question. Doc. No. 12, 14-15. Plaintiff asserts that the ALJ ignored the vocational expert's responses to several questions that would have resulted in Plaintiff being found unable to work. Id. at 15. However, the ALJ did not ignore these responses and instead found them not to be credible to the extent that they were inconsistent with the assessment of Plaintiff's RFC. R. 26. "The ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005)(citing and adding emphasis to *Plummer v. Apfel*, 186 F.3d 422, 431 (3d Cir. 1999)). Because the Court finds that the ALJ's determination of Plaintiff's RFC was supported by substantial evidence, there is no error here, and the ALJ's decision will be affirmed.

## VI. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence. Therefore, the Commissioner's administrative decision will be affirmed.

An appropriate Order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:    All Registered ECF Counsel and Parties